UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROYAL JAMAR ROBERT QUINN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-21-94 |
| WARDEN, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

On January 11, 2021, the Court received a Petition for Writ of Habeas Corpus from Royal Jamar Robert Quinn alleging that he was searched and arrested without a valid warrant in violation of the Fourth Amendment, and that he has been awaiting trial for over 180 days in violation of his Sixth Amendment right to a speedy trial. ECF No. 1. On May 19, 2021, Respondent filed a Motion to Dismiss the Petition. ECF No. 12. Quinn filed a response in opposition (ECF No. 17), to which Respondent replied (ECF No. 18).

The Motion is ripe for disposition, and no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court will grant Respondent's Motion and dismiss the Petition without prejudice.

**Background**

By indictment filed on December 23, 2019, in the Circuit Court for Baltimore County, Maryland, Quinn was charged with first- and second-degree rape, second-degree assault, kidnapping, and related offenses. *State of Maryland v. Quinn*, Case No. C-03CR-19-004969 (Cir. Ct. Balt. Cnty.); ECF No. 12-8. He was subsequently detained at the Baltimore County Detention Center. Quinn was originally scheduled for trial on July 21-27, 2020. *See* Docket Sheet, ECF No.

12-8 at 3-4.  However, trial was continued due to the COVID-19 global pandemic.  *See* March 12, 2020 Administrative Order, ECF No. 12-7 (mandating statewide suspension of jury trials).

Quinn filed motions for a writ of habeas corpus and immediate bail review on February 12, 2020, March 5, 2020, and January 2, 2021.  *See* ECF No. 12-4; ECF No. 12-8 at 8.  All of these Motions were denied.  Quinn also filed several motions to dismiss based on a violation of his right to a speedy trial, all of which were denied.  *See* ECF No. 12-8 at 10-16.  On November 6, 2020, Quinn appealed from the denial of one such motion, and the Court of Special Appeals dismissed his appeal pursuant to Maryland Rule 8-602(b)(1).  *See* ECF Nos. 12-9, 12-10; *Quinn v. State*, Case No. 976, Sept. Term 2020 (Md. Ct. Spec. App. Nov. 20, 2020).

Quinn's criminal trial was held on August 30, 2021 to September 3, 2021.  *See State v. Quinn*, Case No. C-03CR-19-004969, available at http://casesearch.courts.state.md.us/casesearch (last visited October 19, 2021).  His sentencing is scheduled for December 16, 2021.  *Id.*

## Discussion

Without reaching the merits of the Petition, the Court agrees with Respondent that the Petition must be dismissed.  A petitioner must exhaust all available state court remedies before seeking habeas corpus relief in this Court.  *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's

constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

In Maryland, "[a] judge of the circuit court for a county, of the Court of Special Appeals, or of the Court of Appeals has the power to grant the writ of habeas corpus and exercise jurisdiction in all matters pertaining to habeas corpus." Md. Code Ann., Cts. & Jud. Proc., § 3-701.  Where, as here, disposition of the criminal case is yet to take place and there has been no appellate review of Quinn's Fourth and Sixth Amendment claims.  Thus, there remain avenues for Quinn to raise his contentions without harm to his constitutional rights.  The Petition, which is premature, must be dismissed without prejudice.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss is GRANTED and the Petition is DISMISSED, without prejudice.  A separate Order shall issue.

October 20, 2021                              /s/
Date                                 Stephanie A. Gallagher
                                     United States District Judge